UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| QUINTON P. BROWN,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ELDON VAIL, et. al.,<br><br>　　　　　Defendants. | NO.  CV-08-5091-JPH<br><br>ORDER DENYING PLAINTIFF'S<br>DISCOVERY MOTION<br>(Ct. Rec. 62)<br><br>ORDER DENYING PLAINTIFF'S MOTION<br>TO APPOINT EXPERT WITNESS<br>(Ct. Rec. 66)<br><br>ORDER DENYING PLAINTIFF'S MOTION<br>FOR RECONSIDERATION OF ORDER ON<br>DISMISSAL<br>(Ct. Rec. 73) |

　　　On July 30, 2009, plaintiff filed a motion "to accommodate and facilitate discovery" to inspect and photograph the main kitchen facilities in the east complex of the Washington State Penitentiary. (Ct. Rec. 62).  Plaintiff failed to note the motion for hearing, but because counsel for defendants responded in opposition on August 10, 2009 (Ct. Rec. 71), the Court will consider the discovery motion (Ct. Rec. 62) as well as the motion for reconsideration (Ct. Rec. 73) with plaintiff's motion to appoint an expert (Ct. Rec. 66), noted for hearing without argument on August 24, 2009 (Ct. Rec. 67).  Defendants

ORDER DENYING PLAINTIFF'S MOTIONS FOR
DISCOVERY, APPOINTMENT OF AN EXPERT,
AND RECONSIDERATION OF DISMISSAL ORDER - 1

responded in opposition to the motion to appoint an expert on August 14, 2009 (Ct. Rec. 72). The parties have consented to the jurisdiction of the Magistrate Judge in this case. (Ct. Rec. 58.)

**BACKGROUND**

On May 1, 2009, defendants filed a motion to dismiss defendants Eldon Vail, Greg Garringer, Jeff Uttecht, and Gary Friedman and a 12(b)(6) motion to dismiss the § 1983 claims relating to the First, Eighth and Fourteenth Amendments. (Ct. Rec. 47.) In his June 5, 2009, reply memorandum, Mr. Brown moved to dismiss his Eighth Amendment claim without prejudice. (Ct. Rec. 55 at 49.) On July 28, 2009, the Court granted in part and denied in part the defendants' motion. (Ct. Rec. 61.) The Court did not address defendants' motion to dismiss the Eighth Amendment claim as it had become moot as a result of plaintiff's motion to dismiss. (Ct. Rec. 61 at 4, fn 4.)

The court dismissed Mr. Brown's First Amendment claim (that he was deprived of his right to petition the government for redress) pursuant to Fed. R. Civ. Pro. 12(b)(6) because he failed to state a claim for which relief could be granted. (Ct. Rec. 61 at 7-8.) The court dismissed under 12(b)(6) Mr. Brown's § 1983 claim with respect to the prison grievance system because he failed to show he was retaliated against for filing grievances, as is required to establish such a claim.

The court dismissed defendant Young without prejudice because the only facts pled by plaintiff relating to Young were facts in support of his First and Eighth Amendment claims. (Ct. Rec. 61 at 9.)

ORDER DENYING PLAINTIFF'S MOTIONS FOR
DISCOVERY, APPOINTMENT OF AN EXPERT,
AND RECONSIDERATION OF DISMISSAL ORDER - 2

With respect to Mr. Brown's claim pursuant to the Fourteenth Amendment, that he was deprived of his right to equal protection, the court dismissed under 12(b)(b)(6) finding Mr. Brown's equal protection claim fails because he does not allege discriminatory intent. (Ct. Rec. 61 at 11.) The Court further found that the facts pled by Mr. Brown tend to show, at most, that defendants acted knowingly or with deliberate indifference, not with discriminatory intent. The court dismissed the above claims without leave to amend.

The court dismissed defendant Friedman without leave to amend because he is not a state actor and could not therefore have acted under color of state law as required for a § 1983 claim. (Ct. Rec. 61 at 11-14.) The court dismissed without leave to amend the § 1985(3) claims because no set of facts can support a claim of conspiracy to violate Mr. Brown's constitutional rights. (Ct. Rec. 14-15.)

The court found Mr. Brown's RLUIPA claim remains, but with respect to state officials, he is limited to injunctive relief. (Ct. Rec. 15-17.) In their individual capacities, the state officials have qualified immunity from RLUIPA. (Ct. Rec. 61 at 17.)

In sum, Mr. Brown proceeds on the RLUIPA claim which involves allegations that he has not been served kosher food at the WSP. If he prevails, Mr. Brown will be eligible for injunctive relief, not monetary damages, from the remaining defendants in their official capacity. (Ct. Rec. 61 at 19.)

///

ORDER DENYING PLAINTIFF'S MOTIONS FOR
DISCOVERY, APPOINTMENT OF AN EXPERT,
AND RECONSIDERATION OF DISMISSAL ORDER - 3

**DISCOVERY STANDARDS**

The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible," *United States v. Procter & Gamble*, 356 U.S. 677, 683 (1958), and to narrow and clarify the issues in dispute, *Hickman v. Taylor*, 329 U.S. 495, 501 (1947).

Fed. R. Civ. P. 26(b) establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D 281, 283 (C.D. Cal. 1998); *Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D. N.J. 1990).

Fed. R. Civ. P. 34(b) requires a document request to "set forth, either by individual item or by category, the items to be inspected and describe each with reasonable particularity." A party is obliged to produce all specified relevant and nonprivileged documents or other things which are in its "possession, custody or control" on the date

ORDER DENYING PLAINTIFF'S MOTIONS FOR
DISCOVERY, APPOINTMENT OF AN EXPERT,
AND RECONSIDERATION OF DISMISSAL ORDER - 4

specified in the request. Fed. R. Civ. P. 34(a); *Norman Rockwell Int'l Corp. v. H. Wolfe Iron & Metal Co.*, 576 F.Supp. 511, 512 (W.D. Pa. 1983).

**DISCUSSION**

Plaintiff's motion for an order to accommodate and facilitate discovery requests that defendants provide access to the Washington State Penitentiary (WSP) main kitchen facility located in the east complex during normal day-time operations for the purpose of taking photos. (Ct. Rec. 62 at 1.) Defendants provided plaintiff with a written response and objections to his request on or about August 10, 2009. (Ct. Rec. 71.) The court finds that defendants are correct to object to the discovery requested by plaintiff.

**Request to photograph main kitchen**

Plaintiff requested "access to the east complex kitchen" to obtain photo exhibits of the kitchen facilities. (Ct. Rec. 62 at 1-3.) Plaintiff asserts the "exhibits are necessary to corroborate Plaintiff's allegations." (Ct. Rec. 62 at 3.)

Defendants object for several reasons: (1) plaintiff is currently in protective custody in a mental health unit. Defendants state that moving plaintiff from his housing in the West Complex requires a personal escort by one staff member, and only at a time when no other offenders are moving on the grounds of plaintiff's route to the main kitchen. (Ct. Rec. 71 at 2; Exhibit 1 at 2.)

(2) Because he is in protective custody, plaintiff cannot enter the kitchen when any other offenders are present. (Id.) This means

ORDER DENYING PLAINTIFF'S MOTIONS FOR
DISCOVERY, APPOINTMENT OF AN EXPERT,
AND RECONSIDERATION OF DISMISSAL ORDER - 5

kitchen offender staff members would have to be evacuated resulting in the halt of food preparation, which involves preparing three daily meals for 1100-1200 offenders. (Ct. Rec. 71 at 2-3; Exhibit 1 at 2.)

(3) Plaintiff, as well as all other inmates, is prohibited from possessing a camera and from taking pictures on prison grounds. (Ct. Rec. 71 at 3.)

Defendants further assert plaintiff has not articulated why he seeks to discover information about the kitchen, what relevance photos of the kitchen will have to his claim, and why he cannot gather the discovery he seeks through other processes provided for under the civil rules. (Ct. Rec. 71 at 3.)

The Court has weighed plaintiff's request to compel defendants to facilitate discovery by granting him access to the main kitchen in the east complex for purposes of taking photos of the kitchen facilities. The Court finds plaintiff has failed to show good cause for ordering discovery because he fails to show that the evidence sought is relevant to the subject matter. Accordingly, the motion is denied without prejudice.

**Motion to appoint expert**

Plaintiff moved for the appointment of an expert witness. (Ct. Rec. 66.) Defendants respond that an expert's testimony with respect to kosher diets is unnecessary, as evidenced by courts making these types of determinations without expert testimony in the past. (Ct. Rec. 72 at 3, citing e.g., *Ashelman v. Wawrzaszek*, 111 F.3d 674 (9th Cir. 1997); *Kahane v. Carlson*, 527 F.2d 492 (2nd Cir. 1975.)

ORDER DENYING PLAINTIFF'S MOTIONS FOR
DISCOVERY, APPOINTMENT OF AN EXPERT,
AND RECONSIDERATION OF DISMISSAL ORDER - 6

The Court again finds plaintiff to fails to show the need for an expert witness with respect to the narrowed issues currently pending. Because plaintiff fails to show that an expert is needed at trial in order for the jury to understand the relatively straightforward issues presented, the motion to appoint an expert is denied. *See* Fed. R. Evid. 706.

**Motion to reconsider order granting/denying motion to dismiss**

Plaintiff moved for reconsideration (Ct. Rec. 73) of the court's order on defendants' motion for dismissal. (Ct. Rec. 61.) Although defendants have not yet responded to plaintiff's reconsideration motion, the Court finds an answer is unnecessary. After reconsidering the reasoning articulated in the Court's prior order, the Court finds no reason to change its prior determinations. Accordingly, plaintiff's motion for reconsideration (**Ct. Rec. 73**) of the Court's order granting in part and denying in part defendants' motion to dismiss (Ct. Rec. 61) **is denied**. The hearing noted September 14, 2009 (**Ct. Rec. 75**) is **stricken as moot**.

### CONCLUSION

After reviewing plaintiff's motions for discovery, appointment of expert witness, and reconsideration of the Court's order granting in part and denying in part defendants' motion to dismiss, **IT IS ORDERED** plaintiff's motion for discovery (**Ct. Rec. 62**) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** plaintiff's motion to appoint an expert witness (**Ct. Rec. 66**) is **DENIED.**

ORDER DENYING PLAINTIFF'S MOTIONS FOR
DISCOVERY, APPOINTMENT OF AN EXPERT,
AND RECONSIDERATION OF DISMISSAL ORDER - 7

1  **IT IS FURTHER ORDERED** plaintiff's motion for reconsideration (**Ct. Rec. 73**) of the Court's Order entered July 28, 2009, granting in part and denying in part defendants' motion to dismiss is **DENIED.**

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and forward a copy to plaintiff and counsel for defendants.

**DATED** this 24th day of August, 2009.

                              *S/James P. Hutton*
                              JAMES P. HUTTON
                              UNITED STATES MAGISTRATE JUDGE

ORDER DENYING PLAINTIFF'S MOTIONS FOR
DISCOVERY, APPOINTMENT OF AN EXPERT,
AND RECONSIDERATION OF DISMISSAL ORDER - 8