1

2

3

4

5                       UNITED STATES DISTRICT COURT

6                     EASTERN DISTRICT OF WASHINGTON

7

8   QUINTON P. BROWN,              )   No. CV-08-5091-JPH
                                   )
9            Plaintiff,            )   ORDER DENYING DEFENDANTS'
                                   )   MOTION TO DISMISS, SHOW
10  v.                             )   CAUSE WHY JURY DEMANDS
                                   )   SHOULD NOT BE STRICKEN, AND
11  ELDON VAIL, et al.,            )   SETTING SCHEDULING
                                   )   CONFERENCE
12           Defendants.           )   (**Ct. Rec. 141**)
                                   )
13

14

15  ─────────────────────────────────

16       On December 16, 2010, the Court considered without oral

17  argument defendants' motion to dismiss scheduled December 20, 2010

18  (Ct. Rec. 141). Plaintiff filed a response in opposition on

19  December 1, 2010 (Ct. Rec. 145-146). Plaintiff, an inmate at the

20  Washington State Penitentiary (WSP) appears pro se. Assistant

21  Attorney General Sara Di Vittorio appears on behalf of defendants.

22  The parties consented to proceed before a magistrate judge (Ct.

23  Rec. 58).

24       Defendants moved to dismiss on May 1, 2009 (Ct. Rec. 47),

25  which the court granted in part (Ct. Rec. 61). The remaining

26  defendants include Vail, Garringer and Uttecht. They are being

27  sued now solely in their official capacity, as the court dismissed

28  plaintiff's claims against all defendants in their individual

ORDER DENYING DEFENDANTS' MOTION
TO DISMISS AND ORDER TO SHOW CAUSE  - 1

capacities (Ct. Rec. 61). The sole remaining claim is plaintiff's
RLUIPA claim for injunctive relief (Ct. Rec. 61 at 19). Defendants
allege plaintiff has failed to amend his complaint to seek
injunctive relief. They argue he should not be given the
opportunity to amend at this late date since defendants advised
Mr. Brown at the telephonic conference June 30, 2010, they would
move to dismiss because he had not amended the complaint to seek
injunctive relief (Ct. Rec. 142 at 3, 5).

I.   <u>Prior and remaining claims</u>

     Plaintiff brought a civil rights action pursuant to 42 U.S.C.
§ 1983, 42 U.S.C. § 1985 (3), and 42 U.S.C. § 2000cc (Ct. Rec. 10,
15, 61). His claims primarily relate to alleged difficulty
receiving appropriate "kosher" foods and religious items. As noted
on May 1, 2009, defendants filed their first motion to dismiss
pursuant to Fed. R. Civ. P. 12(b)(6)(Ct. Rec. 47). Defendants
moved to dismiss (1) all claims against defendants Vail,
Garringer, Uttecht, Young, and Friedman as a matter of law; (2)
plaintiff's First, Eighth, and Fourteenth Amendment claims, and
(3) claims regarding the prisoner grievance process (Ct. Rec. 47
at 2, 61 at 1). In his response to the earlier motion, Mr. Brown
moved to dismiss his Eighth Amendment claim without prejudice (Ct.
Rec. 53).

     On July 28, 2009, the court partially granted defendants'
prior motion to dismiss (Ct. Rec. 61). The court dismissed Mr.
Brown's "First Amendment right to file grievances" and related §
1983 claims without leave to amend (Ct. Rec. 61 at 7-8, 18);
dismissed his equal protection (Fourteenth Amendment) claim
without leave to amend (Ct. Rec. 61 at 9-11, 18); and dismissed

ORDER DENYING DEFENDANTS' MOTION
TO DISMISS AND ORDER TO SHOW CAUSE   - 2

1  the claim of a conspiracy to deprive plaintiff of equal
2  protection, also without leave to amend  (Ct. Rec. 61 at 14-15,
3  19).

4      The court dismissed all claims against Defendants Young and
5  Friedman (Ct. Rec. 61 at 9, 11-13, 19).

6      The court found the only surviving claim is Mr. Brown's (1)
7  RLUIPA claim against defendants Vail, Uttecht and Garringer in
8  their official capacities, and (2) the sole available remedy is
9  injunctive relief (Ct. Rec. 61 at 15, 18-19). These are the
10  current remaining claims.

11      Defendants argue the court should dismiss Mr. Brown's
12  complaint without prejudice because he has failed to amend his
13  complaint to request injunctive relief, despite at least four
14  months notice he needed to amend or face dismissal. Defendants
15  argue plaintiff should not be permitted to amend at this late date
16  (Ct. Rec. 142 at 2-3, 148 at 2).

17      Plaintiff contends pleadings filed after the initial
18  complaint "gave defendants fair notice he was seeking injunctive
19  relief under RLUIPA" (Ct. Rec. 145 at 4). He cites: (1)
20  plaintiff's [motion] for injunctive relief (presumably Ct. Rec.
21  15, 97); (2) Brown's "response to defendant's response to
22  injunctive motion" (Ct. Rec. 105); (3) court's request for
23  additional briefing (Ct. Rec. 107), and Brown's reply to
24  defendant's motion to dismiss (Ct. Rec. 53 at 8)(Ct. Rec. 145 at
25  4).

26      Plaintiff moved for injunctive relief on February 26, 2009
27  (Ct. Rec. 15) but abandoned the motion on June 25, 2009 (Ct. Rec.
28  59, 69, 70). On December 1, 2009, he again moved for a preliminary

injunction and TRO seeking injunctive and declarative relief (Ct. Rec. 97 at 2). He now appears to ask for leave to amend his complaint to seek injunctive relief (Ct. Rec. 145 at 5). Mr. Brown also states "[p]rior issues with defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) will be addressed on appeal." (Ct. Rec. 145 at 2).

Defendants reply they would be "severely prejudiced" if plaintiff is allowed to amend his complaint nearly two years after the complaint was filed (Ct. Rec. 148 at 3). They point out plaintiff has known for more than a year, when the court granted in part defendants' previous motion to dismiss, his sole remedy is injunctive relief for alleged RLUIPA violations (Ct. Rec. 148 at 2, citing Ct. Rec. 61)). Defendants further point out plaintiff participated in a telephonic status conference on June 30, 2010. Defendants advised Mr. Brown they intended to seek dismissal in light of his failure to make a claim for injunctive relief. He has not done so (Ct. Rec. 148 at 2-3; Ct. Rec. 138). In fact, Mr. Brown has never amended his complaint.

II. Legal Standard

When considering a motion to dismiss the Court must liberally construe the complaint in the plaintiff's favor and must take all the pleaded facts as true. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993). A motion to dismiss for failure to state a claim upon which relief can be granted should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *See Hishon v. Ling & Spalding*, 467 U.S. 69, 73 (1984)(citing *Conley v. Gibson*, 355 U.S.

41, 45-46 (1957)). In applying this standard, the court must read the facts alleged in the complaint in the light most favorable to the plaintiff and accept the plaintiff's allegations as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Although the pleadings need only give the defendant notice of the claims against him, the pleading standard is even more relaxed for pro se plaintiffs. The Supreme Court has instructed that the district court must liberally construe the complaint's allegations when the plaintiff is pro se. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). This is particularly true in civil rights cases. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

However, the Court cannot accept a claim as valid if the facts alleged do not support the claim. Accordingly, the Court cannot "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Nor can the court infer that a fact exists based on conclusory allegations pled. *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). In litigation instigated by prisoners, the Court shall move sua sponte to dismiss a complaint that fails to state a claim. 28 U.S.C. § 1915(a)(2)(B)(ii). Prior to dismissal, a pro se plaintiff must be given leave to correct the complaint's deficiencies. *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). However, the Court need not give such relief if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.8 (9th Cir. 1984)(citation omitted); *See also Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)(citing *Doe v. United States*, 58 F.3d 494, 497

1  (1995).

2  III. <u>Discussion</u>

3      Plaintiff appears to seek additional time pursuant to Fed. R.

4  Civ. P. 15(d) to amend his complaint in order to add a request for

5  injunctive relief. Defendants move to dismiss pursuant to Fed. R.

6  Civ. P. 12 (c) (Ct. Rec. 141 at 1).

7  *Amending the complaint*

8      Federal Rule of Civil Procedure 15(a) permits a party to

9  amend with leave of court, and provides that the "court should

10 freely give leave when justice so requires." *See Janicki Logging*

11 *Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). Leave need not be

12 granted where the amendment of the complaint would cause the

13 opposing party undue prejudice, is sought in bad faith,

14 constitutes an exercise in futility, or creates undue delay. *See*

15 *Janicki*, 42 F.3d at 566; *Roberts v. Arizona Bd. Of Regents*, 661

16 F.2d 796, 798 (9th Cir. 1981). A district court's discretion to

17 deny leave to amend is particularly broad where the plaintiff has

18 previously filed an amended complaint. *Wagh v. Metris Direct*,

19 *Inc.*, 363 F.3d 821, 830 (9th Cir. 2003), *overruled on other grounds*

20 *by Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137 (9th Cir.

21 2008). Defendants allege undue prejudice, but do not enlighten the

22 court with specifics.

23     Based on the pleadings filed by both parties after the

24 complaint, the court deems the complaint amended to include a

25 request for injunctive relief. *See e.g.*, Ct. Rec. 15, 97, 99, 100,

26 105, 109 (plaintiff); Ct. Rec. 103 (defendant); and Ct. Rec. 107,

27 123 (Court).

28     Defendants' motion to dismiss (**Ct. Rec. 141**) based on

ORDER DENYING DEFENDANTS' MOTION
TO DISMISS AND ORDER TO SHOW CAUSE  - 6

1  plaintiff's failure to amend the complaint **is denied**. To the
2  extent plaintiff seeks leave to amend to add a claim for
3  injunctive relief, it is denied as moot. The pleadings filed by
4  both parties have clearly referenced injunctive relief for a long
5  time.

6  IV. Order to Show Cause

7      Because the only remedy now available to plaintiff is the
8  equitable remedy of injunctive relief, and a plaintiff seeking
9  such relief is not entitled to a trial by jury, the parties are
10 directed to **show cause why the case should not be set for trial by**
11 **the court, by Thursday, December 30, 2010 at 6:30 p.m.**

12 V. Scheduling conference

13     The court will conduct **a telephonic scheduling conference on**
14 **Friday, January 28, 2011 at 11:00 a.m.** The parties shall call the
15 Court's public conference line at (509) 573-6934 five minutes
16 before the time scheduled for the conference.

17 VI.  Conclusion

18     For the reasons discussed above, the defendants' motion to
19 dismiss for failure to timely amend (**Ct. Rec. 141**) is **DENIED**.

20     **IT IS ORDERED:**

21     1. Defendants' motion to dismiss (**Ct. Rec. 141**) is **DENIED**.

22     2. Plaintiff's **complaint is deemed amended** to included a
23 request for injunctive relief based on both parties' prior
24 pleadings.

25     3. The parties shall show cause, if any, on **or before**
26 **Thursday, December 30, 2010, at 6:30 p.m. why the jury demands**
27 **(Ct. Rec. 124, 128) should not be stricken and the case set for**
28 **trial by the court.**

1    4.   The Court will conduct a **telephonic scheduling conference**

2 **on Friday, January 28, 2011 at 11:00 a.m.**

3    5. The District Court Executive is directed to enter this

4 Order and to forward copies to plaintiff and counsel for

5 defendants.

6    DATED this 16th day of December, 2010.

7

8                                   _S/James P. Hutton_
                                JAMES P. HUTTON
9                       UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER DENYING DEFENDANTS' MOTION
TO DISMISS AND ORDER TO SHOW CAUSE  - 8