UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

QUINTON P. BROWN,                    )       NO.  CV-08-5091-JPH
                                     )
            Plaintiff,               )
                                     )       ORDER DENYING DEFENDANTS'
      v.                             )       MOTION FOR SUMMARY JUDGMENT
                                     )
ELDON VAIL, et al.,                  )
                                     )       (Ct. Rec. 160)
                                     )
            Defendants.              )
                                     )
                                     )
                                     )
                                     )
_____)

      BEFORE THE COURT is defendants' motion for summary judgment
filed March 11, 2011 (Ct. Rec. 160). Plaintiff responded (Ct. Rec.
165-169) and defendants replied (Ct. Rec. 170-171). Plaintiff is a
state prisoner proceeding pro se and in forma pauperis in this
civil rights action pursuant to 42 U.S.C. §2000cc, filed on
February 12, 2009 (Ct. Rec. 10). The parties consented to the
magistrate judge's jurisdiction (Ct. Rec. 58).

      Plaintiff claims defendants Vail, Garringer, and Uttecht
violated the Religious Land Use and Institutionalized Persons Act
(RLUIPA), thereby entitling him to permanent injunctive relief.

      Defendant presents two issues for summary judgment: (1) is
plaintiff entitled to permanent injunctive relief under RLUIPA and
the Prison Litigation Reform Act (PLRA); and (2) is plaintiff's
request for injunctive relief requiring the Department of
Corrections to provide him with matzah with his evening meal on

Order Denying Defendants' Motion for Summary Judgment - 1

the first night of Passover moot? (Ct. Rec. 161). Defendants

subsequently filed a response brief, admitting the request for

matzah was not moot, because plaintiff was not provided with

matzah (Ct. Rec. 170). Defendants contend plaintiff has failed to

state a claim under RLUIPA that would entitle him to a permanent

order of prospective relief under the PLRA (Ct. Rec. 161).

Contrary to Defendants' assertions, there exist genuine disputes

of material fact regarding plaintiff's claim, and summary judgment

must be denied.

**I.   Facts**

     Plaintiff is not considered to be Jewish under Jewish law,

but he adheres to the religious tenets of Judaism, consuming a

Kosher diet and participating in Judaic religious observances.

(Ct. Rec. 10, 166). According to plaintiff, he has not been

provided with matzah or a Seder box, which contains the other

items necessary to observe a Seder ceremony as part of the Jewish

Passover holiday (Ct. Rec. 10).

     Plaintiff is incarcerated in the Washington State

Penitentiary's (WSP's) Intensive Management Unit (IMU)(Ct. Rec.

159).  Inmates are housed in the IMU as a result of "chronic

behavioral problems, extreme protective needs, or the presence of

a serious threat to the safety of staff or other offenders through

a pattern of violent or seriously disruptive behavior."(Ct. Rec.

162 1:19-22). IMU inmates are physically segregated from all other

inmates and the general population units. The IMU has the highest

level of physical security of any housing unit offered in the WSP

(Ct. Rec. 162). At no time is an IMU inmate permitted to be

unrestrained and in open air contact with staff or other

offenders; instead, the inmate must be escorted by two staff
members while his or her wrists are restrained, and any activity
out of the cell is performed behind a secure door or grille gate
(Ct. Rec. 162).

Plaintiff claims defendants violated RLUIPA by failing to
provide him with matzah and a Seder box, and he is subsequently
entitled to permanent injunctive relief pursuant to the PLRA (Ct.
Rec. 10). Defendants' motion for summary judgment contends
plaintiff failed to state a claim under RLUIPA and therefore is
not entitled to such relief (Ct. Recs. 160-161). Plaintiff filed
various documents on April 18, 2011, which purport to show genuine
issues of material fact regarding his claim (Ct. Recs. 165-168).
In turn, defendants filed their reply memorandum on April 22,
2011, alleging plaintiff was raising "conclusory or speculative
allegations," not "[g]enuine issues of material fact" (Ct. Rec.
170).

**II. Summary Judgment Standard**

Summary judgment is granted when the moving party can show
there is "no genuine dispute as to any material fact," and is
therefore "entitled to judgment as a matter of law." Fed. R. Civ.
P. 56(a).[1] Rule 56 allows the court to dispose of claims that are
factually unsupported, and enter summary judgment against the
party who has failed to sufficiently establish the existence of an
essential element of his case, which he would bear the burden of

---

[1] While the rule was amended in 2010 from "no genuine *issue*"
to "no genuine *dispute*," the standard for granting summary
judgment is unchanged. Fed. R. Civ. P. 56, Advisory Committee
Notes (2000) (emphasis added). The term "dispute" was used to
replace "issue," in order to reflect the "focus of a summary-
judgment determination." *Id.* What was formerly subdivision (c) is
now subdivision (a). *Id.*

Order Denying Defendants' Motion for Summary Judgment - 3

proving at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23,323-24 (1986). This is because a "complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322-23.

"Material facts" are those that are "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit." *T.W. Elec. Serv., Inc. V. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). There is no "genuine dispute" regarding a material fact unless there is sufficient evidence for the jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The court's inquiry at summary judgment is therefore whether a reasonable jury could find by the preponderance of the evidence that the nonmoving party is entitled to a verdict. *Id.* at 252. This requires the evidence necessary for a jury to reasonably find for the nonmoving party; not simply a "scintilla" of evidence supporting the position of the nonmoving party." *Id.* at 252.

Both parties must support their positions by citing to the record or other materials, including depositions, affidavits, declarations, and interrogatory answers, or by showing that the opposing party and/or the cited materials have not or are unable to "establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1). The inferences drawn from the underlying facts of the case are "viewed in the light most favorable" to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). When the moving party meets its initial burden of showing that there is no "genuine dispute," the nonmoving party must show there is some genuine dispute for trial.

Order Denying Defendants' Motion for Summary Judgment - 4

*Anderson*, 477 U.S. at 250. Submitting conclusory allegations in an affidavit is not sufficient to defeat summary judgment; for instance, the Court held insufficient a plaintiff's allegation of a conspiracy without "any significant probative evidence tending to support the complaint." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *Anderson*, 477 U.S. at 249. The nonmoving party must produce "at least some significant probative evidence tending to support the complaint." *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.

When the nonmoving party has not carried his burden of proof by making a "sufficient showing" on an "essential element" of his case, the moving party is "entitled to judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323. However, if the evidence is such that a "rational trier of fact *might* resolve the issue in favor of the nonmoving party," the court must deny summary judgment. *T.W. Elec. Serv., Inc.*, 809 F.2d at 631 (emphasis added).

**III. RLUIPA**

Plaintiff claims defendants violated RLUIPA by not providing him with matzah or a Seder box in order to observe a Seder ceremony for the Passover holiday.

The government shall not "impose a substantial burden on the religious exercise of a person residing in or confined to an institution, . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person" is both "in furtherance of a compelling government interest," and "is the least restrictive means of furthering that compelling government

interest." 42 U.S.C. §2000cc-1(a). "Religious exercise" is inclusive of "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. §2000cc-5(7)(A). This provision "does not differentiate between bona fide faiths," nor does it confer privileged or disadvantageous treatment on any "bona fide faith." *Cutter v. Wilkinson*, 544 U.S. 709, 723-24 (2005).

While the scope of activities deemed to be "religious exercises" may appear broad, what is considered to constitute a "substantial burden" is not. A "substantial burden" on religious exercise is one that "impose[s] a significantly great restriction or onus upon such exercise." *Warsoldier v. Woodford*, 418 F.3d 989, 995 (9th Cir. 2008). A "substantial burden" is more than an inconvenience; it is a denial of "an important benefit because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Guru Nanak Sikh Soc'y of Yuba City v. County of Sutter*, 456 F.3d 978, 988 (9th Cir. 2006); *Shakur v. Schriro*, 514 F.3d 878, 888 (9th Cir. 2008). Even if such pressure is indirect, the infringement upon religious exercise is deemed to be "substantial." *Warsoldier*, 418 F.3d at 995.

When analyzing a claim under RLUIPA, the religious exercise the plaintiff claims has been infringed upon must be identified; then, it must be determined whether the prison regulation at hand substantially burdened the exercise. *Greene v. Solano County Jail*, 513 F.3d 982, 987 (9th Cir. 2008). Once that showing has been made, it is up to the defendant to establish that the burden is in furtherance of a "compelling governmental interest," and is the

"least restrictive means" to achieve that interest. *Id.* at 988.
If the defendants are able to meet that standard, regardless of
the burden imposed on plaintiff's religious exercise, the burden
is permitted under RLUIPA. *Id.* at 990.

The religious exercise at issue is a Seder ceremony, in
accordance with plaintiff's Jewish beliefs (Ct. Rec. 173).
Defendants claim plaintiff's religious exercise has not been
substantially burdened by the prison's failure to provide him with
matzah or a Seder box, because he has four available alternatives
for receiving such materials (Ct. Rec. 161). According to
defendants, Mr. Brown may obtain a Seder box by: (1) contacting
Jewish Prisoner Services International (JPSI) or the Aleph
Institute to request one, (2) finding a different outside vendor
willing to provide a Seder box, (3) participating in a group Seder
ceremony at the prison, or (4) having a Seder box sent to him in
his quarterly package (Ct. Rec. 161).

Mr. Brown asserts that, on the contrary, none of the avenues
proffered by defendants are viable in his particular case (Ct.
Rec. 165). Plaintiff contacted the Aleph Institute to request a
Seder box for Passover 2011, and his request was denied because he
is not considered Jewish by the Institute's standards (Ct. Rec.
166). Additionally, JPSI will not sell Seder boxes to "non-Jewish"
inmates; the possibility of requesting a Seder box from JPSI or
the Aleph Institute is foreclosed. Plaintiff indicates he has
sought other outside vendors from which to obtain a Seder box, but
to no avail (Ct. Rec. 166). As to the option of a group Seder
ceremony, defendants readily admit participating in a group Seder
is not a viable option for plaintiff because he is confined to the

Order Denying Defendants' Motion for Summary Judgment - 7

IMU and restricted from coming into contact with other inmates
(Ct. Rec. 162). Finally, plaintiff contends it is not possible to
have a Seder box sent to him in his quarterly package, as he has
no living family to send him such a package (Ct. Rec. 166).

Viewing the pleadings presented in the light most favorable
to plaintiff, there appears to be a genuine dispute regarding
whether his religious exercise is substantially burdened.
Plaintiff asserts if the prison will not provide him a Seder box
and matzah, he has no other viable option for obtaining the
materials to observe a Passover Seder. RLUIPA was designed to
protect those who are institutionalized and subsequently unable to
attend to their own religious needs, and must rely on permission
and accommodation from the government. *Cutter*, 544 U.S. at 721.
Plaintiff claims his ability to engage in a Seder ceremony will be
entirely foreclosed; a rational trier of fact could conclude that
foreclosing Mr. Brown's ability to observe a religious ceremony is
a substantial burden on his religious exercise. As such, there is
a genuine dispute as to whether plaintiff's religious exercise is
being substantially burdened.

Despite the dispute regarding the alleged burdening of
plaintiff's religious exercise, defendants would meet their burden
of proof for summary judgment if they could show they were
furthering a "compelling government interest" using the "least
restrictive means." 42 U.S.C. §2000cc-1(a)(2000). In determining
whether defendants were furthering a "compelling government
interest" when they fail to provide matzah and other Seder
materials, context matters; RLUIPA does not "elevate accommodation
of religious observances over an institution's need to maintain

Order Denying Defendants' Motion for Summary Judgment - 8

order and safety. . . ." *Cutter*, 544 U.S. at 722-23. RLUIPA's drafters expected courts would show "due deference to the experience and expertise of prison and jail administrators" for establishing regulations in order to maintain security while operating under budgetary constraints. *Id.* at 723. Consequently, the maintenance of "good order, security and discipline, consistent with consideration of costs and limited resources" has been found a "compelling government interest." *Shakur*, 514 F.3d at 889.

The policy of the Washington State Penitentiary prior to 2008 was to purchase Seder boxes for inmates who did not qualify to receive a donated Seder box from an outside religious services provider (Ct. Rec. 162 paragraph 15). The prison changed this policy in 2008, when fewer than 50 of the 418 offenders who requested Seder boxes were deemed Jewish under Jewish law by the outside religious services provider (Ct. Rec. 162). Defendants assert the prison did not provide Seder materials to plaintiff, or any other inmate, because they now believe such practice would violate the Washington State Constitution, and, there was no longer a source from which to purchase the necessary number of Seder boxes for requesting prisoners (Ct. Rec. 161).

Defendants claim purchasing Seder boxes for inmates would violate Article 1 Section 11 of the Washington State Constitution, because it provides that "[n]o public money or property shall be appropriated for or applied to any religious worship, exercise or instruction, or the support of any religious establishment," with the exception of chaplains employed by the State. Wash. Const. Art. 1 §11. When public money is used for a purpose that is

Order Denying Defendants' Motion for Summary Judgment - 9

religious in nature, and lacks a purpose that is secular, the use is deemed impermissible. *Malyon v. Pierce Co.*, 935 P.2d 1272, 1282 (Wash. 1997). According to plaintiff, while some of the items contained in a Seder box may normally be considered foods, they are ritual items specifically required for a Seder ceremony (Ct. Rec. 165). The court may be persuaded defendants were advancing a compelling interest in refusing to purchase a Seder box for plaintiff, but defendants have not established that the interest was being furthered by the least restrictive means. Additionally, although defendants addressed the denial of a Seder box, they did not provide a compelling government interest to justify the denial of matzah. Matzah is a food item that replaces regular leavened-bread in the diets of those observing Passover, and while it may have religious significance, it also serves a nutritional one. (Ct. Rec. 165). Defendants have offered no compelling government interest to justify the denial of matzah to plaintiff.

A challenged government action that imposes a substantial burden on religious exercise must not only be supported by a "compelling government interest," but it must be accomplished using the "least restrictive means." 42 U.S.C. §2000cc-1(a)(1). For a prison to prove that it has implemented the least restrictive means, it must show that it "actually considered and rejected the efficacy of less restrictive measures before adopting the challenged practice." *Warsoldier*, 418 F.3d at 999. This requires a prison to provide "detailed evidence, tailored to the situation before the court, that identifies the failings in the alternatives advanced by the prisoner." *Id.* at 1000. Plaintiff suggests that, as an alternative to purchasing a Seder box, the

Order Denying Defendants' Motion for Summary Judgment - 10

prison could assemble such a box on its own (Ct. Rec. 165).
Defendants have shown consideration of one alternative to the
cessation of providing Seder boxes--purchasing Seder boxes for
offenders not eligible to receive a donated one from Aleph
Institute (Ct. Rec. 162). Defendants have not, however,
illustrated why the prison's assembly of a Seder box is not the
least restrictive means of advancing the government's allegedly
compelling interest. There exists a genuine dispute as to whether
the government is employing the least restrictive means, a fact
material to plaintiff's RLUIPA claim.

**IV.  Conclusion**

There exist genuine disputes of material fact regarding
whether plaintiff's religious exercise was substantially burdened,
as well as whether there was a compelling government interest
advanced using the least restrictive means to justify the burden.
As a result, defendants' motion for summary judgment (Ct. Rec.
160) is **DENIED.**

A telephonic scheduling conference to set a trial date will
be set by separate order.

DATED this 19th day of May, 2011.


                                     s/ James P. Hutton
                                   JAMES P. HUTTON
                             UNITED STATES MAGISTRATE JUDGE


Order Denying Defendants' Motion for Summary Judgment - 11